IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MARK N. PORTER     PLAINTIFF

VS.     CIVIL ACTION NO.: 3:15CV174-NBB-SAA

SHELTER LIFE INSURANCE COMPANY
and MATTHEW BISHOP, individually and as
agent of SHELTER LIFE INSURANCE COMPANY     DEFENDANTS

## NOTICE OF REMOVAL

TO:    THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI - OXFORD DIVISION

       Defendant Shelter Life Insurance Company, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, hereby gives this Notice of Removal of this cause to the United States District Court for the Northern District of Mississippi, Oxford Division, and sets forth the following grounds for removal:

       1.      On September 11, 2015, Plaintiff Mark N. Porter filed his Complaint in the action, entitled *Mark N. Porter v. Shelter Life Insurance Company and Matthew Bishop, individually and as agent of Shelter Life Insurance Company*, State of Mississippi, Circuit Court of Lafayette County, Civil Action Number L15-346 (the "State court action"). True and correct copies of all process and pleadings served are attached as collective Exhibit "A."

       2.      The pending action is for alleged breach of contract, breach of good faith and fair dealing, infliction of emotional distress and insurance bad faith claims over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332. This action may be removed to this Court pursuant to 28 U.S.C. § 1441. The amount in controversy is in excess of $75,000.00, exclusive of interest, costs and disbursements, and complete diversity of citizenship exists between the proper Plaintiff and Defendant.

       a.      Plaintiff Mark N. Porter is alleged in the Complaint to be a adult resident

citizen of Lafayette County, Mississippi. *See*, Exhibit "A," Complaint at ¶ 1.

        b.      Defendant Shelter Life Insurance Company is a corporation organized and existing pursuant to the laws of the state of Missouri, whose principal place of business is Columbia, Missouri, and is not located in the State of Mississippi. *See*, Exhibit "A," Complaint at ¶ 2.

        c.      Defendant Matthew Bishop is a citizen of Lafayette County, Mississippi, and alleged in the Complaint to be subject to service in Lafayette County, Mississippi. *See*, Exhibit "A," Complaint at ¶ 3. However, as shown herein, Plaintiff's Complaint has no possible basis for recovery against Matthew Bishop, and, as such, he was improperly joined in this action solely for the purpose of impermissibly defeating diversity of citizenship jurisdiction in this matter. Accordingly, Matthew Bishop must be disregarded for purposes of determining diversity of citizenship under 28 U.S.C. § 1441.

        3.      Matthew Bishop is improperly named as a party to this action for the limited purpose of defeating federal diversity jurisdiction and preventing removal. A defendant may be disregarded as a party if the Court determines that the joinder of the party is an improper device to defeat diversity and prevent removal. The joinder of Matthew Bishop is an improper device as Plaintiff's Complaint fails to recognize a cognizable cause of action or state a claim against Matthew Bishop. The allegations of Plaintiff's Complaint focuses on Shelter Life Insurance Company's alleged breach of a contract of insurance. Plaintiff does not plead any cognizable separate cause of action against Matthew Bishop or set forth facts sufficient to support any claim against Defendant Matthew Bishop.

        4.      In addition and alternatively, on information and belief, the causes of action pled against Shetler Life Insurance Company can independently be removed to federal court as a separate "civil action." *See Moore v. Century Ins. Co.*, 399 F.Supp. 929 (S.D. Miss. 1975); *Bondurant v. Watson,* 103 U.S. 281 (1880). The claims against Shelter Life Insurance Company are wholly separate and independent of the underlying claims against Defendant Matthew Bishop and constitute

a separate civil action within the purview of the removal statues.

5. The matter in controversy exceeds, and exceeded when the State court action was commenced, the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Plaintiff's Complaint demands judgment against Shelter Life Insurance Company for "actual damages, including all amounts due and owing under the policies of insurance at issue; attorney's fees and costs associated with the prosecution of this action; punitive damages ...; damages for emotional distress; pre-judgment interest on all such amounts, in a total of one million dollars or a different amount to be established at the trial of this action." In addition to seeking one million dollars, unspecified claims for punitive damages, as Plaintiff has alleged in the instant Complaint "sufficiently serve to bring the amount in controversy over the requisite threshold set out in 28 U.S.C. § 1332." *Ross v. First Family Fin. Servs., Inc.,* 2002 WL 31059582 (N.D. Miss. 2002).

6. This Notice of Removal is being timely filed, and as such, the State court action is removable pursuant to 28 U.S.C. § 1441(a) in that this Court has original jurisdiction over the State court action pursuant to 28 U.S.C. § 1332.

7. The improperly joined Defendant is not required to join this Notice of Removal.

8. By reason of the above, Shelter Life Insurance Company desires and is entitled to have this action removed from the Circuit Court of Lafayette County, Mississippi, to the United States District Court for the Northern District of Mississippi, Oxford Division, such being the district where the State court action is currently pending.

9. Written notice of the filing of this Notice of Removal will be served upon Plaintiff as required by law.

10. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Lafayette County, Mississippi, as provided by law.

11. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment

3

of any of Shelter Life Insurance Company's rights to assert any defense or affirmative matter. Defendant specifically reserves its right to request transfer of venue.

WHEREFORE, Shelter Life Insurance Company hereby removes the action now pending against it in the Circuit Court of Lafayette County, Mississippi, Civil Action Number L15-346, to this Court.

RESPECTFULLY SUBMITTED, this the 13th day of October, 2015.

**SHELTER LIFE INSURANCE COMPANY**

By: *[signature]*
R. BRADLEY BEST (MSB #10059)
EDWARD R. MCNEES (MSB #102314)

**OF COUNSEL:**

HOLCOMB, DUNBAR, WATTS,
BEST, MASTERS & GOLMON, P.A.
400 South Lamar, Suite A
P.O. Drawer 707
Oxford, Mississippi 38655
662-234-8775
662-238-7552 facsimile

## CERTIFICATE OF SERVICE

I, Edward R. McNees, hereby certify that I have this day mailed, postage prepaid, a true and correct copy of the above and foregoing document to the following:

Lynne Christopher
Christopher Law Firm, LLC
P.O. Box 1762
Tupelo, MS 38802

THIS, the 13th day of October, 2015.

_____
EDWARD R. MCNEES