IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, MISSISSIPPI

**MARK N. PORTER**  PLAINTIFF

VS  CIVIL ACTION NO.: 15-346

**SHELTER LIFE INSURANCE COMPANY**  DEFENDANTS
and **MATTHEW BISHOP**, individually and as agent
of **SHELTER LIFE INSURANCE COMPANY**

LAFAYETTE COUNTY
FILED
SEP 11 2015
Baretta Mosley
CIRCUIT CLERK
BY: _____ D.C.

## COMPLAINT

**COMES NOW**, the Plaintiff, Mark N. Porter, by and through counsel, and files this his complaint against the Defendants, Shelter Life Insurance Company and Matthew Bishop, individually and as agent of Shelter Life Insurance Company, and for cause would show as follows:

1. Plaintiff, Mark N. Porter, is an adult resident citizen of Etta, Lafayette County, Mississippi.

2. Defendant, Shelter Life Insurance Company, is a Missouri Corporation authorized to do business in Mississippi and may be served with process at 1817 W. Broadway, Columbia, MO 65218 or wherever it may be found.

3. Defendant, Matthew Bishop, may be served at his place of business at 2627 W. Oxford Loop, Oxford, Mississippi.

4. Jurisdiction and venue are proper in this Court.

5. Plaintiff owned a life insurance policy with his Son, Cole Porter, as insured. The policy was issued by Shelter Life Insurance Company (policy number L000924124) on or around May, 2013. The agent was Matthew Bishop. The policy is

attached as "Exhibit A."

6. On September 11, 2014, Cole Porter was killed in an automobile accident in Union County, Mississippi. A claim was made by Plaintiff on the policy but coverage was denied by Shelter Life Insurance Company.

7. As of the filing of this complaint, Defendants have wholly failed to comply with the provisions of the subject policy by withholding rightful payment to Plaintiff.

## BREACH OF CONTRACT

8. Plaintiff would show that thereafter Defendants failed and refused to pay the policy, he was unable to pay the expenses and bills of his Son without a financial hardship. Further, Plaintiff was unable to pay the mortgage payments on his Son's home causing economic damages to Plaintiff since he had invested money into the home. That such actions of Defendants constitute a breach of the terms of the Shelter Life Insurance policy no. L000924124.

## BREACH OF GOOD FAITH AND FAIR DEALING

9. Plaintiff would show that Defendants breached their obligation and covenant of good faith and fair dealing in that Defendants failed and refused to consider equally all evidence, facts and undisputed activities favoring Plaintiff's claim. Defendant, Matthew Bishop, breached his fiduciary duty to Plaintiff. Matthew Bishop failed to disclose information regarding the policy, failed to adequately advise Plaintiff if the policy was suitable for his needs and failed to properly address the issues concerning the application process. Plaintiff trusted agent Matthew Bishop to oversee the handling of the application process so the claim would be paid in the event needed. Plaintiff relied on the representations of agent Matthew Bishop in purchasing the policy. Agent Matthew Bishop failed to use due diligence in this transaction. Defendant, Shelter Life Insurance

Company, had a duty to properly train and oversee its agents. That Defendants breached their obligation of good faith and fair dealing between the parties all of which entitles Plaintiff to allowable damages under the terms of the subject insurance policy, including attorneys' fees, interest, punitive damages, actual damages and consequential damages.

### INFLICTION OF EMOTIONAL DISTRESS

10. Plaintiff would show that the activities of Defendants have inflicted severe emotional distress and anguish upon himself. The infliction of emotional distress by Defendants is grossly negligent and wantonly indifferent to the undisputed facts and truths related to the failure to pay the insurance claim.

11. Plaintiff would show that all of his damages are a direct and proximate result of the wrongful activities of the Defendants. The omissions, conduct, breaches, failures, negligence, gross negligence and misconduct on the part of Defendants were willful, wanton and exhibited a reckless disregard for the rights of Plaintiff and therefore these actions and/or omissions justify an award of punitive and/or exemplary damages against Defendants.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Mark N. Porter, brings his claim against Defendants, and demands judgment of and from Defendants for actual damages, including all amounts due and owing under the policies of insurance at issue; attorneys' fees and costs associated with the prosecution of this action; punitive damages in an amount calculated to deter Defendants and those similarly situated from like conduct in the future; damages for emotional distress; pre-judgment interest on all such amounts, in a total of one million dollars or a different amount to be established at the trial of this action.

Plaintiff also prays for such other relief to which he may be entitled in law or in equity, as the Court deems just and proper.

Dated This 11th day of September, 2015.

JURY TRIAL DEMANDED

RESPECTFULLY SUBMITTED,

Mark N. Porter

BY: *[signature]*
LYNNE CHRISTOPHER MBN 9268

CHRISTOPHER LAW FIRM LLC
Post Office Box 1762
Tupelo, MS 38802
Telephone: (662) 791-9282
christopher.lynne@yahoo.com