IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MARK N. PORTER                                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO: 3:15-CV-174-NBB-SAA

SHELTER LIFE INSURANCE COMPANY
and MATTHEW BISHOP, Individually and as Agent
of SHELTER LIFE INSURANCE COMPANY                                            DEFENDANTS

MEMORANDUM OPINION

This cause comes before the court upon the plaintiff's motion to remand. Upon due consideration of the motion, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

On May 17, 2013, plaintiff Mark Porter sought out a life insurance policy with the help of Matthew Bishop, an insurance agent who administers life insurance policies for Shelter Life Insurance Company ("Shelter Life"). Mark Porter initially showed interest in purchasing a life insurance policy based on his own life, but ultimately purchased a life insurance policy based on the life of his son, Cole Porter. Mark Porter reasoned that since a life insurance policy for himself would be cost prohibitive due to health issues, he would better serve his purpose by purchasing a life insurance policy based on his son's life. Plaintiff Mark Porter states he purchased the policy to cover incidental expenses in the event his son died.

The life insurance application names Mark Porter as both the "Owner" of the policy, meaning he was liable to pay the premiums, and the "Primary Beneficiary" of the policy, meaning he would receive any funds or other benefits from the life insurance policy if the

insured dies.  His son, Cole Porter, is named as the "Proposed Insured" on the policy, meaning the term of Cole Porter's life is covered by the insurance policy.

Mark Porter alleges in his filings that his son Cole had no knowledge of the insurance policy because Mark did not tell Cole about the policy.  Furthermore, briefing from the plaintiff alleges neither Mark nor Cole Porter "answered any questions on the application." According to Mark Porter, defendant Matthew Bishop asked Mark every application question and recorded all of Mark's answers on the form.  Cole Porter's handwritten name appears on the application on the line marked "Signature of Proposed Insured"; however, Mark Porter alleges through additional briefing that Cole Porter never signed the application.  At an unspecified point after the application was completed, Shelter Life issued the insurance policy.

Cole Porter was killed in a car accident on September 11, 2014, just over a year after the insurance policy was made effective.  After his son's death, Mark Porter made a claim on the policy as the primary beneficiary.  Defendant Shelter Life rescinded the life insurance policy by letter on January 8, 2015, and denied coverage for a breach of the policy's provisions regarding the veracity of the questions answered on the application.  Shelter Life contends that coverage was properly denied because the application indicates that Cole Porter did not receive treatment for drug use, depression, or other mental disorders within "the last 5 years." However, Shelter Life learned Cole Porter had received treatment for opioid dependency, depression, and attention deficit disorder within the five years before the policy was made effective.  Shelter Life writes that they would not have issued the life insurance policy had this information been truthfully disclosed on the application.  Along with rescinding the life insurance policy, Shelter Life returned $200.09 in premiums to Mark Porter.

On September 11, 2015, Mark Porter filed the present action against Shelter Life and Matthew Bishop in the Circuit Court of Lafayette County, Mississippi, claiming breach of contract, breach of good faith and fair dealing, and infliction of emotional distress.[1] Mark Porter is a resident of Lafayette County, Mississippi and defendant Shelter Life is a Missouri corporation authorized to do business in Mississippi. Defendant Matthew Bishop is a resident of Lafayette County, Mississippi. Defendant Shelter Life timely removed this cause on October 14, 2015 and claimed defendant Matthew Bishop was improperly joined. Soon thereafter, on November 12, 2015, Mark Porter moved to remand this case to the Circuit Court of Lafayette County. Mark Porter contends that the joinder of defendant Matthew Bishop was proper because the claims against Matthew Bishop are independently viable.

Because defendant Shelter Life is arguing that defendant Bishop is improperly joined, Shelter Life must show that Mark Porter cannot sustain a cause of action against in-state defendant Matthew Bishop. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). To evaluate Shelter Life's improper joinder allegation, the court ordered the parties to submit additional briefing on June 24, 2016 to clarify the claims against defendant Bishop and the facts associated with each claim. Initially, the plaintiff had not sufficiently applied the facts to the claims in the complaint with the specificity required by *Twombly* and *Iqbal*.

## Standard

Federal diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). When there is a "civil action brought in a State court of which the

---

[1] Plaintiff's complaint does not indicate if his infliction of emotional distress claim is intentional or negligent. Plaintiff characterizes his emotional distress as "severe" and states it has caused him "anguish." Furthermore, plaintiff says the defendants' infliction of emotional distress was "grossly negligent and wantonly indifferent to the undisputed facts and truths related to the failure to pay the insurance claim."

district courts of the United States have original jurisdiction, [the action] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The action cannot "be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2).

The Fifth Circuit has held that the party removing the action to federal court bears the burden of proving federal jurisdiction and showing removal was proper. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The claims in the state court petition at the time of removal are examined when evaluating whether there is jurisdiction for removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The *Travis v. Irby* court articulated that courts need to assess if the plaintiff has a viable cause of action against the in-state defendant in state court to make a determination about jurisdiction in response to claims of improper joinder. 326 F.3d at 647. To assess if the plaintiff can recover against the in-state defendant in state court, the Fifth Circuit has held that the district court must determine whether there is a "reasonable basis for the . . . plaintiff . . . to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

District courts employ a Rule 12(b)(6)-type analysis to determine "whether the complaint states a claim under state law against the in-state defendant" in cases where one party claims another has been improperly joined. *Id.* Therefore, courts can use the standard to assess Rule 12(b)(6) motions promulgated by *Twombly*, *Iqbal*, and their progeny to assess whether the plaintiff's claims are viable against the in-state defendant. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that the complaint must contain "enough facts to state a claim to relief" against a defendant "that is plausible on its face"); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)

(holding that claims in the complaint are plausible if the court can use the facts put forth to "draw the reasonable inference that the defendant is liable for the misconduct alleged"). When ruling on a motion to remand, courts are to resolve any ambiguities in the moving party's favor because the federal removal statute is "strictly construed in favor of remand." *Manguno*, 276 F.3d at 723.

If the plaintiff has stated a claim against the non-diverse defendant "but has misstated or omitted discrete facts" that bear on the joinder, the district court can pierce the pleadings and go into a summary inquiry. *Smallwood*, 385 F.3d at 573. Here, the court pierced the pleadings and looked beyond the complaint to assess the plaintiff's claims because the complaint omitted facts that are integral to assessing the joinder. The district court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" when examining the joinder's validity. *Travis*, 326 F.3d at 649.

Analysis

After piercing the pleadings and looking at the facts alleged and the claims made in the light most favorable to plaintiff Mark Porter, the court finds that a claim has been plausibly stated against defendant Matthew Bishop and Bishop is therefore properly joined. As stated above, a heavy burden rests on the removing party claiming improper joinder. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Improper joinder is an exception to the rule of complete diversity in diversity jurisdiction cases. *McDonal v. Abbott Lab.*, 408 F.3d 177, 183 (5th Cir. 2005). In this action, defendant Shelter Life has not met its burden to prove there was improper joinder and therefore has not shown that this case is an exception to complete diversity.

Initially, Mark Porter's complaint failed to provide a factual foundation that could lead the court to conclude his claims were plausible under *Twombly* and *Iqbal*. The facts alleged in

the complaint are vague and do not sufficiently tie Bishop to the claims presented. For example, Mark Porter states that:

> Matthew Bishop failed to disclose information regarding the policy . . . and failed to properly address the issues concerning the application process. Plaintiff trusted agent Matthew Bishop to oversee the handling of the application process so the claim would be paid in the event needed. Plaintiff relied on the representations of agent Matthew Bishop in purchasing the policy.

Subsequent facts also lack specificity. For this reason, the court pierced the pleadings. Mark Porter said in his response to Bishop's motion to dismiss that Cole Porter did not know about the policy and therefore "Matthew Bishop did not ask the [application] questions of the insured." These statements raised the question of who physically signed the application for Cole Porter because Cole's name appears on the application even though the plaintiff maintains throughout his filings that Cole was not aware of the policy.

Existing ambiguities were left unresolved after additional briefing was called for by this court. The application is in conflict with Mark Porter's statement that "Cole Porter did not sign the application and was not aware of the policy." The application indicates that Bishop acknowledged the application's veracity and witnessed Cole Porter's signature because Bishop signed his name to the following: "I hereby certify that I personally asked every question of the . . . Proposed Insured . . . and that I witnessed the signature(s) above." Because the court is to resolve ambiguities in the moving party's favor according to *Manguno*, the court accepts, for the purposes of this motion, that Cole Porter had no knowledge of the policy. 276 F.3d at 723 (describing how "[a]ny ambiguities are construed against removal" when there is a pending motion to remand). Thus, the parties have put forth facts that elude to either Matthew Bishop signing the application in Cole Porter's name or Bishop inducing plaintiff Mark Porter to sign the application for his son without Cole Porter's consent.

Either of these possibilities make Mark Porter's claims against Matthew Bishop plausible. According to Mississippi law, life insurance cannot be issued unless, at the time the contract is formed, the insured either applies for the policy, has provided written consent, or the insurance company has acknowledged the application in writing. Miss. Code Ann. § 83-5-253 (West 2016). As Cole Porter was never aware of the insurance policy, it appears Matthew Bishop did not have the requisite consent to procure a life insurance policy listing Cole Porter as the insured. Therefore, there is a reasonable factual basis to conclude that Mark Porter's claims against Bishop are plausible and that they meet the standard promulgated in *Twombly*, *Iqbal*, and their progeny. Removal on the basis of improper joinder is inappropriate in this case because plaintiff Mark Porter did not improperly join defendant Matthew Bishop. The lack of complete diversity divests the court of subject matter jurisdiction, and this case must be remanded to the Circuit Court of Lafayette County.

## Conclusion

Assessing the facts, plaintiff's claims, and the procedural history of this case, the court finds that the plaintiff's motion to remand should be granted. A separate order in accord with this opinion shall issue this day.

This, the 1st day of August, 2016.

                                                 /s/ Neal Biggers
                                                **NEAL B. BIGGERS, JR.**
                                                **SENIOR U.S. DISTRICT JUDGE**